OPINION OF THE COURT
Judith Blum Sheindlin, J.
In this proceeding for upward modification of child support, petitioner moves, subsequent to trial, for an order pursuant to section 449 of the Family Court Act, making such upward modification effective retroactive to the date the petition was filed. The issue presented by this motion is whether the court has any discretion under section 449 of the Family Court Act with respect to making its order retroactive.
The petition, filed on October 20, 1982, alleged that arrears in the amount of $8,800 had accrued on the order of support contained in the parties’ judgment of divorce entered oh January 2, 1975, in addition to alleging a change in circumstances requiring an upward modification of respondent’s support obligation.
The hearing was commenced on July 12, 1983, after delays attendant to completion of pretrial discovery.
After hearing, the court made the following findings:
Respondent’s income had increased since the entry of the original order of support.
The needs of the child had increased.
*14 The respondent had been in substantial compliance with the order of support, however, arrears had accrued in the amount of $2,695 since 1975.
In view of these findings, the court granted the petition for an upward modification from $50 per week to $70 per week plus $5 per week towards arrears.
In determining the amount of increased support, the court looked to the statutory obligation for the support of children and found it to be an obligation shared by both parents commensurate with their respective means. (See Family Ct Act, § 413; Domestic Relations Law, § 32.) Thus, the court found that respondent was not responsible for the entire amount of the subject child’s support where the petitioner had the ability or potential ability to contribute a portion of that required amount. (See Family Ct Act, §413.)
Petitioner testified that she had remarried and has a preschool age child from this second marriage. She stated that she was unable to work as a result of the care required for this second child. Petitioner had been gainfully employed prior to the birth of this baby and suffers no incapacity rendering employment impossible.
Inasmuch as the child support obligation rests with both parents, petitioner’s decision to increase her obligations cannot mitigate her pre-existing responsibility to contribute to the support of the child of her first marriage. (See Matter of Windwer v Windwer, 39 AD2d 927, affd 33 NY2d 599.) This court, therefore, consistent with petitioner’s prior work history, allocated 30% of the child’s current needs to the petitioner and 70% to the respondent. The order also provided that respondent could claim the child as a dependent for income tax purposes, in view of his 70% contribution to her support. Prior to this order, the petitioner had claimed the child.
The instant motion by petitioner thus requests that the court make this increase in support retroactive to the date of the filing of the petition. (See Family Ct Act, § 449.) Based on the following reasons, the motion is granted in part.
Prior to the 1981 amendment that made section 449 part of the Family Court Act, case law held such retroactive *15 application of support orders to be a matter within the court’s discretion. (See, e.g., Lanzatella v Lanzatella, 58 AD2d 1025; Matter of Bates v Bates, 62 Misc 2d 498.) However, the plain meaning of the language of section 449 of the Family Court Act which states that “[a]ny order of support made under this article shall be effective as of the date of the filing of the petition therefor” leads this court to believe that its discretion under this section is extremely limited and that the statute requires a retroactive order unless a manifest unfairness would result.
In the case at bar, the court is thus constrained to grant petitioner’s motion, at least in part, although respondent has not been dilatory with regard to this proceeding nor has he avoided his obligation with respect to the original order of support.
In calculating the amount of retroactive support owing, the court is cognizant of the fact that respondent has not had the benefit of claiming the child as a tax deduction until this court made its final order. Therefore the retroactive support will be modified to compensate for this loss. To order otherwise would produce an inequitable result which could not have been contemplated by the statute.
The order of support is made retroactive to January 1, 1983. The retroactive arrears are fixed at $860 and are to be paid at the rate of $20 per month until liquidated.
All other aspects of petitioner’s motion are denied, as the court has previously ruled on oral application of counsel.